# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and among Plaintiffs JOSE LEONEL HERNANDEZ and YUDELKA GARCIA (collectively as "Plaintiffs") on the one hand, and El Nuevo Bohio, Inc., 791 Bohio Restaurant Inc., El Bohio Tremont Restaurant, Corp., Tremont Restaurant Corp. and Ramon Fernandez, individually, (collectively as "Defendants" or "Company"), on the other hand.

**WHEREAS**, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, styled as *Jose Leonel Hernandez, et al. v. El Nuevo Bohio, Inc., et al.*, Docket No. 14-cv-652 (BCM) (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws; and

**WHEREAS**, the parties desire to fully and finally resolve all disputes between them without the necessity of further litigation;

**NOW, THEREFORE**, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1.  Payment: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and satisfaction of any and all claims or potential claims as defined in Section 5 below that Plaintiffs may have against Defendants through the date of this Agreement, including all attorneys' fees and costs incurred by Plaintiffs, the gross sum of Sixty-Eight Thousand Dollars ($68,000.00) (the "Settlement Amount") to be paid in installments as described in Exhibit A: Schedule of Payments Due. The first payment shall be issued by the later of fourteen (14) days after the execution of this agreement or ten (10) days after approval of this agreement by the presiding Court. All subsequent payments shall be made on or before the first day of each calendar month.

    (a)  All settlement payments shall be delivered directly to Michael J. Borrelli, Esq., Borrelli & Associates, P.L.L.C. at 1010 Northern Boulevard, Suite 328, Great Neck, New York 11021 promptly upon issuance.

    (b)  Defendants shall issue an IRS Form 1099 to Plaintiffs with respect to payments made to the Plaintiffs in accordance with Exhibit A, and shall issue an IRS Form 1099 to Plaintiffs and Borrelli & Associates, P.L.L.C. for payments made to Borrelli & Associates, P.L.L.C in accordance with Exhibit A.

    (c)  Plaintiffs shall be solely responsible for any and all taxes resulting from payments received under this Settlement Agreement. Plaintiffs shall indemnify and hold Defendants harmless for any failure of Plaintiffs to pay any taxes due from Plaintiffs resulting from payments received under this Settlement Agreement.

2.  Default: In the event of a default by the Defendants, in connection with the payments required to be made under paragraph 1 herein, Plaintiffs agree to provide notice to

Defendants' Counsel, Martin E. Restituyo, Esq., 1345 Avenue of the Americas, 2nd Floor, New York, New York 10105, email: restituyo@restituyolaw.com, by regular and electronic mail, and Defendants shall have ten (10) days from the receipt of such notice within which to cure said default. If the default is not cured within ten (10) days of Defendants' receipt of such notice, Plaintiffs shall be entitled to recover from the Defendants double the unpaid balance of the total settlement amount remaining, plus interest as provided by law.

The parties agree that the presiding Court herein shall retain jurisdiction over any dispute deriving from Defendants' default, if any, or to enforce this agreement. The parties further agree that the only defenses that Defendants may assert in defense of such a dispute are that: (i) they did not default on any payment described in paragraph 1 of this agreement; (ii) Plaintiffs did not provide notice of the default in the manner set forth in this paragraph; or (iii) Defendants cured the default upon receiving notice of the default within the time specified in this paragraph. The parties further agree that in any dispute brought pursuant to this paragraph, the prevailing party, as determined by the trier of fact, shall be entitled to recover its/their reasonable attorneys' fees, costs, expenses, and disbursements from the adverse party/parties.

3. <u>Settlement of All Wage-Related Claims</u>: Upon execution of this Agreement, all claims and/or potential claims by the Parties against each other, shall be deemed mutually settled, satisfied and resolved.

4. <u>Settlement Approval</u>: The Parties shall work together to file a motion seeking the Court's approval of this Agreement.

5. Mutual <u>Release and Covenant Not To Sue</u>: In consideration for the foregoing, the Parties, on behalf of themselves and their dependents, heirs, executors, administrators, legal and/or personal representatives, successors, assigns and agents, do hereby knowingly, voluntarily, unconditionally and irrevocably mutually waive, release and forever discharge all other Parties to this action, and each and every one of their divisions, affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities, predecessors, successors, management companies, assigns, officers, directors, trustees, employees, agents, shareholders, administrators, representatives, attorneys, insurers or fiduciaries, dependents, heirs, executors, administrators, legal and/or personal representatives, past, present or future, from any and all claims, rights, liabilities, debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits or causes known or unknown, suspected or unsuspected, from the beginning of time through the date of all parties' execution of this Agreement as against each other, except for any claims arising out of this Agreement and those claims asserted in the matter filed in the Supreme Court of the State of New York, County of Bronx, styled as *Jose Leonel Hernandez v. El Nuevo Bohio, Inc. d/b/a El Nuevo Bohio Restaurant and Ramon Fernandez, individually,* Index No. 20454/2014.

6. <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

7. <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

8. <u>Employment References</u>:  Any request for a reference with respect to Plaintiffs will be referred to Defendants' management.  Defendants will limit any response to confirming each Plaintiff's title and dates of employment, and shall further state that in accordance with Defendants' policy, no further information can be provided beyond this neutral reference.

9. <u>Acknowledgments:</u>

a. Each Plaintiff acknowledges that he/she has been fully and fairly represented by counsel in this matter.  Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement.

b. Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement.  They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

10. <u>Governing Law</u>:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York in any subsequent proceeding to enforce this Agreement.  The presiding Court shall retain jurisdiction over any such disputes, as described in section 2 of this agreement.

11. <u>Interpretation</u>:  This Agreement shall be deemed to have been jointly drafted, and no provision herein shall be interpreted or construed for or against any party because such party drafted or requested such provision, or this Agreement as a whole, or because any language is deemed ambiguous.

12. <u>Enforceability</u>:  If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect.  However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction or an arbitrator that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, each Party agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

13. <u>Counterparts</u>:  To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.  This agreement may also be executed by facsimile transmission.

**THE PARTIES CONFIRM AND ACKNOWLEDGE THAT THIS AGREEMENT HAS BEEN TRANSLATED INTO THE PARTIES' NATIVE LANGUAGE (SPANISH) BEFORE SIGNING, AND THAT THE PARTIES FULLY UNDERSTAND THIS**

**AGREEMENT'S TERMS AND CONDITIONS.**

**LOS INDIVIDUOS CONFIRMAN Y RECONOCEN QUE ESTE ACUERDO HA SIDO TRADUCIDO A LA LENGUA MATERNA DE LOS INDIVIDUOS (ESPAÑOL) ANTES DE FIRMAR, Y QUE LOS INDIVIDUOS TOTALMENTE COMPRENDEN LAS CONDICIONES ESTE ACUERDO.**

**THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: September __, 2016

_____
Jose Leonel Hernandez

STATE OF _____ )
                      ) ss.:
COUNTY OF _____   )

On this _____ day of September, 2016, before me personally came Jose Leonel Hernandez known to me to be the individual described herein, and who executed the foregoing Settlement Agreement and Release.

_____
Notary Public

Dated: September __, 2016

_____
Yudelka Garcia

STATE OF _____ )
                      ) ss.:
COUNTY OF _____   )

On this _____ day of September, 2016, before me personally came Yudelka Garcia known to me to be the individual described herein, and who executed the foregoing Settlement Agreement and Release.

_____
Notary Public

Dated: September __, 2016     EL NUEVO BOHIO, INC.

By:_____
Title:

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF _____ )

    On this _____ day of September, 2016, before me personally came _____, known to me to be the individual described herein, and who executed the foregoing Settlement Agreement and Release on behalf of El Nuevo Bohio, Inc.

_____
Notary Public

Dated: September __, 2016     791 BOHIO RESTAURANT INC.

By:_____
Title:

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF _____ )

    On this _____ day of September, 2016, before me personally came _____, known to me to be the individual described herein, and who executed the foregoing Settlement Agreement and Release on behalf of 791 Bohio Restaurant Inc.

_____
Notary Public

Dated:	September __, 2016		EL BOHIO TREMONT RESTAURANT, CORP.


				By:_____
				Title:

STATE OF NEW YORK	)
			) ss.:
COUNTY OF _____	)

    On this _____ day of September, 2016, before me personally came _____, known to me to be the individual described herein, and who executed the foregoing Settlement Agreement and Release on behalf of El Bohio Tremont Restaurant, Corp.


_____
		Notary Public

Dated:	September __, 2016		TREMONT RESTAURANT CORP.


				By:_____
				Title:

STATE OF NEW YORK	)
			) ss.:
COUNTY OF _____	)

    On this _____ day of September, 2016, before me personally came _____, known to me to be the individual described herein, and who executed the foregoing Settlement Agreement and Release on behalf of Tremont Restaurant Corp.


_____
		Notary Public

Dated: September __, 2016   RAMON FERNANDEZ

                                                                           Ramon Fernandez

STATE OF NEW YORK   )
                            ) ss.:
COUNTY OF _____   )

       On this _____ day of September, 2016, before me personally came Ramon Fernandez, known to me to be the individual described herein, and who executed the foregoing Settlement Agreement and Release in his personal capacity.

_____
              Notary Public

7

# EXHIBIT A

## Schedule of Payments Due

|    | Payments to Borrelli & Associates, P.L.L.C. | Payments to Hernandez | Payments to Garcia | Total |
|----|---------------------------------------------|----------------------|--------------------|-------|
| 1  | $5,655.34 | $2,983.39 | $1,361.27 | $10,000.00 |
| 2  | $2,149.44 | $2,300.76 | $1,049.80 | $5,500.00 |
| 3  | $2,149.42 | $2,300.77 | $1,049.81 | $5,500.00 |
| 4  | $2,149.42 | $2,300.77 | $1,049.81 | $5,500.00 |
| 5  | $2,149.42 | $2,300.77 | $1,049.81 | $5,500.00 |
| 6  | $2,149.42 | $2,300.77 | $1,049.81 | $5,500.00 |
| 7  | $2,149.42 | $2,300.77 | $1,049.81 | $5,500.00 |
| 8  | $1,954.04 | $2,091.60 | $954.36 | $5,000.00 |
| 9  | $1,954.02 | $2,091.61 | $954.37 | $5,000.00 |
| 10 | $1,954.02 | $2,091.61 | $954.37 | $5,000.00 |
| 11 | $1,954.02 | $2,091.61 | $954.37 | $5,000.00 |
| 12 | $1,954.02 | $2,091.61 | $954.37 | $5,000.00 |