**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSE LEONEL HERNANDEZ and YUDELKA GARCIA, on behalf of themselves and all others similarly-situated, | |
| Plaintiffs, | **No. 14-CV-652 (VSB)** |
| -against- | |
| EL NUEVO BOHIO, INC. and 791 BOHIO RESTAURANT INC. and EL BOHIO TREMONT RESTAURANT, CORP. and TREMONT RESTAURANT CORP. d/b/a "EL BOHIO RESTAURANT" and/or "EL NUEVO BOHIO RESTAURANT", and RAMON FERNANDEZ, individually, | |
| Defendants. | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANTS

Pursuant to Southern District of New York Local Civil Rule 1.4, the Law Offices of Martin E. Restituyo, P.C. and Rodriguez Law, P.C (collectively referred to as "Defendants' Counsel") hereby submit this memorandum of law in support of its motion for an order permitting it to withdraw as counsel of record for defendants 791 Bohio Restaurant, Inc., El Bohio Restaurant, Corp., Tremont Restaurant Corp. and Ramon Fernandez (collectively referred to as "Defendants"), on the grounds of divergent and irreconcilable views regarding the litigation strategy to employ in this matter and because of non-payment. Defendants' counsel has not made a previous application for similar relief.

## BACKGROUND

Defendant's Counsel assumes that the Court is familiar with the facts of this case and refers the Court to the Declaration of Argilio Rodriguez, Esq. and the Affidavit of Ramon Fernandez, included herewith, to augment that familiarity.

## ARGUMENT

An order permitting the withdrawal of counsel of record may be granted "upon a showing by

affidavit or otherwise of satisfactory reasons for withdrawal…" S.D.N.Y. Local Rule 1.4. Here, such satisfactory reasons plainly exist and withdrawal should be permitted.  Accordingly, Defendants' Counsel seeks permission to withdraw from the representation of Defendants 791 Bohio Restaurant, Inc., El Bohio Restaurant, Corp., Tremont Restaurant Corp. and Ramon Fernandez in this matter because of divergent and irreconcilable views regarding the litigation strategy to employ in this matter and non-payment of fees.

Pursuant to S.D.N.Y. Local Rule 1.16(c)(7), a lawyer may withdraw where "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." "'[T]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client.'" *Bijan Karimian v. Time Equities, Inc.*, No. 10 Civ. 3773, 2011 U.S. Dist. LEXIS 51916, at *4- *5 (S.D.N.Y. May 11, 2011) (citations omitted); *Dowler v. Cunard Line Ltd*., No. 94 Civ. 7480, 1996 U.S. Dist. LEXIS 9100 (S.D.N.Y. June 28, 1996) (permitting withdrawal on the grounds that "strong evidence of a strained attorney-client relationship regardless of the source of the strain is sufficient grounds" for an attorney to withdraw); *McGuire v. Wilson*, 735 F. Supp. 83, 85 (S.D.N.Y. 1990) (allowing attorney to withdraw because "relationship between the parties has deteriorated beyond repair"); *Hallmark Capital Corp. v. Red Rose Collection*, No. 1997 U.S. Dist. LEXIS 16328, at *8-*9 (S.D.N.Y. Oct. 21, 1997) ("[T]he client and counsel have irreconcilable differences, that is a satisfactory reason to allow counsel to withdraw."). Withdrawal has been permitted where "an irreconcilable conflict [] developed between [counsel and client] regarding litigation strategy." *Hallmark Capital Corp.*, 1997 U.S. Dist. LEXIS 16328 (*quoting Tufano v. City of New York*, No. 94 Civ. 8655, 1996 WL 419912 at *1 (S.D.N.Y. July 25, 1996); *citing Sansiviero v. Sanders*, 117 A.D.2d 794, 795, 499 N.Y.S.2d 431, 431 (2d Dep't) (motion to withdraw granted in "light of the irreconcilable differences between"

2

counsel and his client "with respect to the proper course to be pursued by counsel in the litigation");
*see also Casper v. Lew Lieberbaum & Co*., 1999 U.S. Dist. LEXIS 7779 (S.D.N.Y. May 24, 1999)
(permitting withdrawal where plaintiffs and original counsel disagreed about litigation strategy, the
value of the case, [and] the strength of the case"). Furthermore, "counsel ethically can withdraw
where the client insists upon a course of conduct that is contrary to the judgment and advice of
counsel." *Ashcroft v. Dep't of Corr*., 2008 U.S. Dist. LEXIS 73624, 14-16 (W.D.N.Y. Sept. 18,
2008) (citing N.Y.S. Code of Prof. Responsibility, EC 7-8). Here, as detailed in Mr. Fernandez's
affidavit, Defendants and Defendants' Counsel have diverging and irreconcilable litigation strategies.

The Second Circuit has also acknowledged that "where the client 'deliberately disregarded'
financial obligations," nonpayment of legal fees "may constitute 'good cause' to withdraw." *United
States v. Parker*, 439 F.3d 81, 104 (2d Cir. 2006) (quoting *McGuire v. Wilson*, 735 F. Supp. 83, 84
(S.D.N.Y. 1990) and N.Y. Code of Prof'l Responsibility D.R. 2-110(C)(a)(f)).  Similarly, this Court
consistently has found the failure to pay legal fees to be a legitimate ground for granting a motion to
withdraw as counsel. *See, e.g., Blue Angel Films, Ltd. v. First Look Studios, Inc*., No. 08 Civ. 6469
(DAB) (JCF), 2011 U.S. Dist. LEXIS 16674, at *7-8 (S.D.N.Y. Feb. 17, 2011) ("Although there is
no clear standard for what may be considered a 'satisfactory reason' for allowing a withdrawal, it
seems evident that the non-payment of legal fees constitutes such a reason."); *Diarama Trading Co.,
Inc. v. J. Walter Thompson U.S.A., Inc*., No. 01 Civ. 2950 (DAB), 2005 U.S. Dist. LEXIS 17008, at
*1 (S.D.N.Y. Aug. 15, 2005) ("'Satisfactory reasons include failure to pay legal fees.")(internal
citations omitted); *Cower v. Albany Law Sch. of Union Univ.*, No. 04 Civ. 0643 (DAB), 2005 U.S.
Dist. LEXIS 13669, at *16 (S.D.N.Y. July 8, 2005) ("It is well settled that nonpayment of fees is a
legitimate ground for granting counsel's motion to withdraw.") (citation omitted); *HCC, Inc. v. R H
& M Mach. Co*., No. 96 Civ. 4920 (PKL), 1998 U.S. Dist. LEXIS 10977, at *1 (S.D.N.Y. July 20,

3

1998) ("It is well-settled that non-payment of fees is a valid basis for granting counsel's motion to withdraw."); *WABC-AM Radio, Inc. v. Vlahos*, 89 Civ. 1645, 1992 WL 276550, at \*1-2 (S.D.N.Y. Sept. 29, 1992) (granting motions to withdraw on ground of client's failure to pay fees even if this would cause a delay in the litigation). Here, Defendant Mr. Fernandez has made it clear that he will not pay for any subsequent legal work Defendants' Counsel would perform on Defendants' behalf and Defendants' Counsel should not expect to be compensated for work done throughout the case.

Accordingly, courts regularly grant counsel's motion for leave to withdraw where, as here, Defendants and their counsel have diverging and irreconcilable views with respect to the appropriate strategy to employ in this litigation and the resources which must be devoted in defense of this lawsuit.

Thus, for the reasons indicated above, Defendants' Counsel's motion to be relieved as counsel of record for the Defendants should be granted.

## **CONCLUSION**

For all the foregoing reasons, Defendants' Counsel. respectfully request that the Court enter

an order permitting it to withdraw as representatives of Defendants in this action.

Dated:   New York, New York
         December 19, 2016

*/s/Argilio Rodriguez*
Argilio Rodriguez, Esq.
Rodriguez Law, P.C.
Empire State Building
350 Fifth Avenue, Suite 5909
New York, New York 10118
(212) 960-3305
argilio@lawrodriguez.com

Martin E. Restituyo, Esq.
Law Offices of Martin E. Restituyo
1345 Avenue of the Americas,
2nd Floor New York, NY 10105
(212) 729-7900
restituyo@restituyolaw.com

*Attorneys for Defendants 791 Bohio
Restaurant, Inc., El Bohio Restaurant,
Corp., Tremont Restaurant Corp. and
Ramon Fernandez*
