UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE LEONEL HERNANDEZ and YUDELKA GARCIA, on behalf of themselves and all others similarly-situated,<br><br>                                    Plaintiffs,<br>           -against-<br><br>EL NUEVO BOHIO, INC. and 791 BOHIO RESTAURANT INC. and EL BOHIO TREMONT RESTAURANT, CORP. and TREMONT RESTAURANT CORP. d/b/a "EL BOHIO RESTAURANT" and/or "EL NUEVO BOHIO RESTAURANT", and RAMON FERNANDEZ, individually,<br><br>                                    Defendants. | No. 14-CV-652 (VSB) |

**DECLARATION OF ARGILIO RODRIGUEZ IN SUPPORT OF THE MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANTS**

ARGILIO RODRIGUEZ, declares, under penalty of perjury:

1. I am an attorney at Rodriguez Law, P.C., co-counsel for defendants in this action, together with the Law Offices of Martin E. Restituyo, P.C. (collectively "Defendants' Counsel") I submit this Declaration in support of the instant motion to withdraw as counsel for defendants 791 Bohio Restaurant, Inc., El Bohio Restaurant, Corp., Tremont Restaurant Corp. and Ramon Fernandez (collectively "Defendants").

2. Defendants' Counsel seeks permission to withdraw from the representation of Defendants in this matter because of divergent and irreconcilable views regarding the litigation strategy to employ in this matter and because of non-payment of fees.

3. During the course of its representation, Defendants' Counsel has performed significant work in connection with the pleading, discovery, pre-trial, and settlement phases of this litigation. On January 31st, plaintiff filed his Complaint in this action. Defendants' initial counsel, Jose L. Rios, appeared in this action on April 21st, 2014 and Defendants filed their Answer on the same day. Plaintiffs' filed their Amended Complaint on April 29th, 2014.

Defendants filed their Answer to the Amended Complaint on May 13, 2014. An Initial Conference was held on May 28th, 2014. Plaintiffs' filed their Second Amended Complaint on June 16th, 2014. Defendants filed their Answer to the Second Amended Complaint on July 15th, 2014. Plaintiffs filed their motion for conditional collective certification on November 24th, 2014.

4. Defendants' current counsel, Martin Restituyo, Esq. and Argilio Rodriguez, Esq., substituted prior counsel and entered their appearances on January 22nd, 2015 and January 23rd, 2015. Defendants' current counsel filed their opposition to Plaintiffs' motion for conditional certification on March 13th, 2015, and Plaintiffs filed their Reply on March 30th, 2015.

5. Defendants served discovery requests and interrogatories on Plaintiffs, Defendants' counsel conducted the deposition of Plaintiffs, and defended the deposition of Defendants.

6. After over a year of discovery, the parties attended a settlement conference with Magistrate Judge Barbara C. Moses on April 25th, 2016, at which the parties agreed to a settlement in this matter for $68,000. Your Honor directed the parties to file a joint fairness letter by June 24th, 2016 setting forth our views on why the settlement is fair and reasonable. Plaintiffs' subsequently requested two extensions of time, the first until July 22nd, 2016 and the second until August 22nd, 2016.

7. On September 16, 2016, Plaintiffs filed their fairness letter, and the Court approved of the settlement on November 9th, 2016, with the exception of the mutual general releases and the proposed attorneys' fees which remained too high. The parties filed a joint letter requesting a further extension of time to file the revised settlement agreement which was granted until December 23rd, 2016.

8. As explained in the Affidavit of Ramon Fernandez, included herewith, Defendants' Counsel is also unable to represent the interests of Defendants at this time. Defendants have made it clear that we have divergent and irreconcilable views on the appropriate strategy to employ in this litigation. Recent communications have also made it clear that there has been an erosion of the attorney-client relationship.

9. Moreover, Mr. Fernandez he has made it clear that he will not pay for any subsequent legal work Defendants' Counsel would perform on Defendants' behalf and Defendants' Counsel should not expect to be compensated for work done previously in the case.

10. For these reasons, both independently and collectively, Defendants' Counsel respectfully requests to be relieved as counsel for the Defendants.

11. Defendants' Counsel does not intend to assert a retaining lien. In any event, Defendants' Counsel would fully assist new counsel in transitioning the representation by providing critical documents and information on an expedited basis.

Dated: New York, New York
December 19, 2016

                                                  */s/Argilio Rodriguez*
                                                  Argilio Rodriguez, Esq.